Judge Buckner,
delivered the opinion of the court.
The plaintiffin error, as administrator of Thomas Constantine, sued out a writ of scire facias, against T. P. Major, to revive a judgment rendered in the circuit court, in favor of his intestate, against the said Major.
The judgment attempted to be revived, was for “sixty one dollars, with interest thereon, at the rate of six per centum, per annum, from the 10th day of July, 1818, until paid; together with the damages aforesaid, by the jurors aforesaid assessed; also his costs in this behalf expended.”
The costs, as taxed bylhe clerk amount to $9 48 1-2 cents.
In the scire facias it was described as a judgment for “sixty one dollars debt, with interest thereon, at the rate of six per centum, per annum, from the 10th of July, 1818, till paid; also one cent damages; also the sum of $9, 48 1-2 cents, for his costs by him about his suit, in this behalf expended,” &,c.
After the defendant had pleaded “nul tiel record,” the plaintiff moved the court for leave to amend the scire facias by striking out the words and figures “the sum of $9, 48 1-2 cents, for his costs,” and to insert the words “his, the said Constantine's costs, in that behalf expended, which costs amounted to a large sum of money, to wit, the sum of $9, 48 1-2 cents.” But the court overruled the motion, and the plaintiff excepted.
Upon the trial of the issue formed on the plea of “nul tiel record‘” the court being of opinion that the record of the judgment exhibited (as it was for costs generally, without stating what they amounted to) with the clerk’s taxation of costs, was fatally variant from the judgment described in the scire facias; and was therefore insufficient to support the issue, on the part of the plaintiff; gave judgment for the defendant. To reverse it, this writ of error is prosecuted.
That there would have been no impropriety in per-l i v i mitting the proposed amendment to have been made, (if it was important to make it) had the plaintiff ap *622 plied for that purpose, in proper time, there can be no Tlie amendment was intended to make the correspondence between the judgment in the original record, and the description of it in the scire facias more exact; and the doctrine is well settled, a •5C!rfi facias may be amended by the record in the original action; see Com. Digest title Amendment, letter D, and the authorities there cited; see a^so case Patrick vs. Woods III. Bibb 232; and that of Baker vs. Harrison, V. Littell 61, where it is said, “this court has been liberal in extending amendments to a scire facias and has permitted it to be amended, so as to conform to a judgment which it had misrecited.
facias may beamen-ded by the re-eord in the tion. a a°"
After the plea cord'll^entered, the scire fadas is not OrMnaf’ud ment is for “sixty dollars & expended,”the scire facias describes^it as^a ‘‘sixtjMlollars and also, tke sumof nine óostTby'him* ’ about his suit 111 this behalf, deoMecf, that there is á sub-stantia!corres-t^”en”he orl-ginai juJ^ment and the
*622 So if the writ does not conform to the instructions given to the clerk, (as where in the above cited case of Patrick vs. Woods, he had been instructed to issue it against Patrick only, and it purported to be issued on a judgment against Patrick and wife) it was amended. And where, hy the fault of the clerk, John was inserted instead of Thomas, it was considered as amendable; I. Lord Raymond, 183, 548, Villers vs. Parry. So in Brewster vs. Wills, cited in II. Lord Raymond 1060, a scire facias was amended by changing Sping into Spring, a man’s name. And where a scire facias recited a judgment of the third year of Queen Anne, instead of the first year; it was amended to make it conform to the record. But in those cases the amendments were made immediately on the return of the scire facias, before any plea pleade(L But after the plea of Unul lid record” be entered, the writ, it seems,is not amendable; II. Saunder’s Reports 72, y. II. Lord Raymond 1057, I. Salk. 51, II. Str. 892; see also VI. Bac. Abridg. 119 title Scire facias, letter D. In the case above cited from 1. Salk.(Bucksom vs. Hoskins) the scire facias was c¡uare execulionern habere non rfeiet o f a j u d gmen t, in ej ee t-ment for two messuages; whereas the recovery was for one messuage only: nul tiel record was pleaded, and on a motion to amend, it was overruled; Holt C. J. re-mal'king, “nothing appears to be vicious or informal to need an amendment, and there may be a good judgment that agrees with it. The writ is good, though 'mProPer f°r the purpose, and we cannot put a deceit on the defendant, and make his plea false, when it was true.”
Such descrip-í10n of *lle ‘betaken as* an averment only, that the costs amounted to nine
m0nntofoorts is fixed bylaw^ fo^a fúm'cer-tain & “costs °!)snlt”’is’ fLitsr the u.“ mount 0f the costs have been ascer-tamed bytax-ationof the c,erlj> a Snm certain & also for the sum to which, the costs amount.
Monroe for plaintiff; Julian for defendant.
But we are nevertheless of opinion (the Chief Justice dissenting) that the amendment proposed was not important, and that there is a substantial accord-anee between the judgment exhibited, and the description of it in the scire facias. It is the duty of the clerk to tax the costs. They are fixed by law, and can neither be enlarged nor diminished. The amount therefore is certain, for id cerium, est, quod cerium reddi potesU The scire facias would have been in more clerical form had it been worded according to the proposed amendment; but as it was ascertained that the costs when taxed, amounted to the sum ‡9, 48 1-2 cents, it was a judgment for costs to the amount of that sum. The description of the judgment as one for f9, 48 1-2 cents costs, must be understood as an averment only, that they amounted to that sum.
The judgment of the circuit court must be reversed with costs, and the cause remanded, that further proceedings may be had, not inconsistent with this opinion*
The Ch. Justice is of opiniont that, on the plea of (tnul tiel record,” the circuit court could not look beyond the scire facias and the judgment; and that a *j j j o? judgment for a given sum and “costs” cannot be decided to be, on its face, necessarily a judgment for $9 costs. ^
The judgment ought (in his opinion) to have been described as it is; and cannot, on such an issue, be identified by any fact dehors the record of the judgment.